**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUIS TOPETE, | |
| Plaintiff, | 3:10-cv-00359-ECR-VPC |
| vs. | **ORDER** |
| CHAMBLISS, *et al.*, | |
| Defendants. | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's motion for *in forma pauperis* is denied (docket #1). As discussed below, plaintiff's complaint is dismissed as delusional and factually frivolous.

**I. Plaintiff's Motion for Appointment of Counsel**

Plaintiff has also filed a motion seeking the appointment of counsel in this case (docket #1-2). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

1  A finding of such exceptional circumstances requires that the court evaluate both the
2 likelihood of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light of
3 the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed
4 together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn,*
5 *supra*, 789 F.2d at 1331). The district court has considerable discretion in making these findings. The
6 court will not enter an order directing the appointment of counsel. As discussed below, plaintiff's
7 complaint must be dismissed with prejudice as delusional and factually frivolous. Plaintiff's motion for
8 the appointment of counsel is denied.

9 **II. Screening Standard**

10  Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a
11 prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"
12 "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who
13 is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an
14 arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may,
15 therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or
16 where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a
17 constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*
18 *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

19  Allegations in a *pro se* complaint are held to less stringent standards than formal
20 pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.
21 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
22 Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the
23 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
24 conclusions that are untenable (*e.g*. claims against defendants who are immune from suit or claims of
25 infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual
26 allegations (*e.g*. fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*

1  *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Moreover, "a finding of factual frivolousness is appropriate
2  when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are
3  judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).
4  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the
5  complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint
6  that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106
7  (9th Cir. 1995).

**III.  Instant Complaint**

Plaintiff, who is incarcerated at Ely State Prison ("ESP"), has sued caseworkers
Chambliss and Kay Ellen Wise as well as grievance coordinator Indeal.  Plaintiff's complaint is difficult
to decipher, but states that he "plead[s] the fourth" apparently because defendants applied school credits
to an expired sentence, rendering such credits useless.  Plaintiff also claims that this constitutes cruel
and unusual punishment in violation of the Eighth Amendment.  Under "Request for Relief" plaintiff
wrote: "Inzinitrate - 300, 927-ziros, the place value 100 place, the accuale numbers are all nines.
Scientific Notion: 999 (927-ziros).  Ifintrate placement of word and number : 300 Inzinatrate / 26th letter
helpful information outlined up top as well."

The Fourth Amendment to the United States Constitution protects against unreasonable
searches and seizures.  The reasonableness of searches and seizures by prison officials is analyzed in
light of the factors set forth in *Turner v. Safley*.  482 U.S. 78, 89 (1997).  The *Turner* factors focus on
whether the actions of prison officials were reasonably related to legitimate penological interests.  *Id*.
Further, to constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
conditions must involve "the wanton and unnecessary infliction of pain."  *Rhodes v. Chapman*, 452 U.S.
337, 347 (1981).  The court finds that plaintiff's allegations do not state a claim under either the Fourth
or Eighth Amendments and are delusional and factually frivolous.  Because amendment would be futile,

this complaint is dismissed with prejudice.[1]

**IV. Conclusion**

  **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) is **DENIED**.  The Clerk shall return to plaintiff the $9.78 partial fee already submitted (*see* docket #9).

  **IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1) and the motion for appointment of counsel (docket #1-2).

  **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED with prejudice** as delusional and factually frivolous.

  **IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (docket #1-2) is **DENIED**.

  **IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

  DATED this 2nd day of November, 2010.

*Edward C. Reed.*
_____
UNITED STATES DISTRICT JUDGE

---

[1] The court takes judicial notice of plaintiff's litigation history before this court, which indicates that he has attempted to set forth (uncognizable) Fourth and Eighth Amendment claims for a variety of alleged actions and inactions by prison personnel. *See, e.g., Topete v. Nevada Department of Correction Center Ely Max State Prison Correction Center et al.*, 3:09-cv-618-RCJ-VPC.